UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD DOMINION FREIGHT LINE, INC.,<br><br>    Plaintiff,<br><br> vs.<br><br>ELITE LIGHTING,<br><br>    Defendant. | CASE NO. CV 12-06111 RZ<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED |

    Federal courts are courts of limited jurisdiction, and if subject matter jurisdiction does not affirmatively appear, federal courts are presumed to lack jurisdiction. *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), *citing General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968-69 (9th Cir. 1981). Plaintiff grounds jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Corporations have dual citizenship; they are citizens of the state in which they are incorporated, and they also are citizens of the state in which they have their principal place of business, 28 U.S.C. § 1332(c)(1); both states of citizenship must be alleged in the Complaint. Plaintiff alleges that Defendant Elite Lighting is "a California corporation" with its principal place of business in California. The allegation that a corporation is "a California corporation" is not sufficient to allege the state in which the corporation is incorporated. *Fifty Associates v. Prudential*, 446 F.2d 1187 (9th Cir. 1970).

1 Accordingly, the dual citizenship of the defendant does not affirmatively appear from the
2 pleadings.
3 It is therefore ordered that Plaintiff shall show cause in writing, not later than
4 August 7, 2012, why this action should not be dismissed for lack of subject matter
5 jurisdiction. The filing of an amended complaint within that time, correcting the
6 jurisdictional defect, shall discharge this Order to Show Cause.

DATED: July 25, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE